TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0631
    Facsimile: (213) 894-0141
    Email:     kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00503-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DARIUS LAMAR WEBSTER |
| v. | |
| DARIUS LAMAR WEBSTER, | Hearing Date: April 11, 2022<br>Hearing Time: 8:00 a.m.<br>Location:     Courtroom of the |
| Defendant. | Hon. John F. Walter |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kathrynne N. Seiden, hereby files its Sentencing Position for defendant Darius Lamar Webster.

    This Sentencing Position is based upon the attached Memorandum of Points and Authorities, the files and records in this case, and such further evidence and argument as the Court may permit. The

//

//

government respectfully requests the right to supplement this Sentencing Position as needed.

Dated: March 21, 2022                Respectfully submitted,

                                     TRACY L. WILKISON
                                     United States Attorney

                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                           /s/
                                     KATHRYNNE N. SEIDEN
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant is a three-time felon and sex offender with a history of procuring women for prostitution.  In September 2021, defendant entered a mall with a loaded gun, $1,300 in cash, and two young women for whom he was carrying fake IDs.

On January 10, 2022, defendant pleaded guilty by open plea to a single-count indictment charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Dkt. 21.  On February 14, 2022, the United States Probation Office ("Probation") filed its Presentence Investigation Report ("PSR") and Recommendation Letter.  Dkts. 22, 23 (PSR).  Therein, Probation calculated a total offense level of 12 and a criminal history category of IV, resulting in an advisory Sentencing Guidelines range of 21-27 months' imprisonment and one to three years' supervised release.  PSR ¶¶ 96, 99.  Probation identified no factors that would warrant a departure or variance below the Guidelines range.  Id. ¶¶ 110-111.  Probation recommended that defendant be sentenced to a low-end Guidelines sentence of 21 months' imprisonment, three years' supervised release, and a mandatory $100 special assessment. Recommendation Letter at 1-2.

The government agrees with Probation's calculations, but respectfully asks that the Court sentence defendant to a mid-range Guidelines sentence of 24 months' imprisonment and three years' supervised release.

**II.   FACTUAL BACKGROUND**

On September 5, 2021, defendant entered an indoor mall in the Slauson area with two provocatively dressed young women.  PSR ¶¶ 6-7.

Defendant was carrying a loaded .45 caliber pistol, fake IDs for both women, and more than $1,300 in cash.  Id.; Ex. A at 4:50.  Two security officers saw the outline of the gun in defendant's pocket, seized his loaded gun, and called law enforcement, who searched and questioned defendant.  PSR ¶¶ 6-7.  Defendant denied that the women were "working girls," claimed to have no idea that the women's IDs were fake, and explained that he was holding the IDs because the women did not have pockets.  Ex. A at 4:45-5:20.  Law enforcement then interviewed the women -- one of whom appeared to have shorts pockets -- and then searched defendant's car, where they found two pairs of high heels and other women's clothing.  PSR ¶ 9; Ex. A at 8:12-15:20.  One of the women with defendant, D.R., had an outstanding arrest warrant for loitering.  PSR ¶ 10.  Law enforcement suspected that both women were prostitutes.  Id.

When defendant possessed the gun, he knew he had been convicted of three felonies, including a 2012 conviction for pandering, in violation of California Penal Code Section 266i(a)(1).  Dkt. 17 at 4-5; PSR ¶ 33.  As part of that case, charges for forcible rape, human trafficking, false imprisonment, first degree robbery, forcible oral copulation, sex with a minor, pandering by procuring, and kidnapping were dismissed, and defendant was sentenced to six years' imprisonment.  PSR ¶ 33.

**III. A SENTENCE OF 24 MONTHS' IMPRISONMENT AND THREE YEARS' SUPERVISED RELEASE IS APPROPRIATELY TAILORED TO THE § 3553(A) FACTORS**

The government respectfully requests that the Court adopt Probation's factual findings and Guidelines calculations and sentence defendant to a mid-range sentence of 24 months' imprisonment, three years' supervised release, and a $100 special assessment.  Such a

sentence is sufficient but not greater than necessary to serve the objectives set forth in 18 U.S.C. § 3553(a).

### A. Defendant's History and Characteristics

Recognizing that defendant grew up in difficult and unstable circumstances that included witnessing the murder of his primary father-figure, the government is not requesting a high-end sentence. See PSR ¶¶ 41-63; see 18 U.S.C. § 3553(a)(1). However, the remaining considerations under 18 U.S.C. § 3553(a) counsel in favor of a mid-range, not low-end, Guidelines sentence. While defendant's upbringing is sympathetic, his history as an adult includes felony convictions for grand theft from a person, first degree burglary, and, most concerningly, pimping. PSR ¶¶ 31-33. Just eight months before defendant's crime in this case, he was arrested for domestic battery after he allegedly hit D.R., one of the young women he was with when he had a loaded gun in this case. Id. ¶¶ 33, 35. In other words, a mid-range sentence is warranted to protect the public from a defendant with a demonstrated proclivity for victimizing others and who carried a loaded gun into a mall. 18 U.S.C. § 3553(a)(2)(C).

### B. The Nature and Circumstances of Defendant's Crime

Additionally, the nature and circumstances of this offense warrant a mid-range sentence. Just eight months after his battery arrest, defendant was found in a different state with a loaded gun and over $1,300 in cash, in the company of two suspected prostitutes for whom he was carrying fake IDs. PSR ¶¶ 6-7. Those circumstances are concerning on their own, but particularly when coupled with defendant's criminal history. See 18 U.S.C. § 3553(a)(1). Anything less than a mid-range sentence would not sufficiently reflect the seriousness of defendant's conduct. See 18 U.S.C. § 3553(a)(2)(A).

**C.  Need for Deterrence and To Promote Respect for the Law**

Further, the government's recommended sentence would also appropriately promote respect for the law, protect the community, and deter defendant and others who would seek to emulate his conduct. Notably, defendant has already served a six-year sentence. Because that sentence was insufficient to deter his criminal conduct, a mid-range sentence is warranted. See 18 U.S.C. § 3553(a)(2)(B). 24 months' imprisonment would give defendant sufficient time to consider his choices in light of their substantial consequences. And three years' supervised release would hold him accountable for his future actions and deter him from committing future crimes. A substantial term of supervised release is especially important where, as here, a defendant has a history of non-compliance with the law, probation, and sex offender registration requirements. PSR ¶¶ 30-33, 35, 37-39, 75.

**D.  Need for the Sentence To Avoid Unwarranted Sentencing Disparities**

Finally, 18 U.S.C. § 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants. One way of doing so is to correctly calculate the Guidelines range. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly calculated Guidelines range, other defendants "with similar records

4

who have been found guilty of similar conduct" can expect to receive a sentence between 21 and 27 months' imprisonment.  A sentence within that range will avoid an unwarranted disparity with similarly situated defendants.  And as someone with both aggravating and mitigating characteristics, and a significant criminal history, defendant should be sentenced to the middle of that range.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to 24 months' imprisonment, three years' supervised release, and a $100 special assessment.

# EXHIBIT A

# USAO_000060

Filed Manually